NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSE ANN KARAM,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>UNIVERSITY OF ARIZONA; SOUTHERN ARIZONA VETERANS ADMINISTRATION HEALTH CARE SYSTEM; UNITED STATES AIR FORCE, Davis Monthan Air Force Base; ARIZONA BOARD OF REGENTS; BANNER UNIVERSITY MEDICAL CENTER; GENOA HEALTHCARE,<br><br>        Defendants-Appellees,<br><br> and<br><br>DAVID LAMB; et al.,<br><br>        Defendants. | No.   22-15332<br><br>D.C. No. 4:18-cv-00455-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted February 14, 2023[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Rose Ann Karam appeals pro se from the district court's judgment dismissing her action alleging federal claims under section 504 of the Rehabilitation Act ("RA") and Title II of the Americans with Disabilities Act ("ADA") and state law claims arising from her time as a pharmacy student at the University of Arizona.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (dismissal for failure to state a claim); *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 817 (9th Cir. 1999) (grant of summary judgment).  We affirm.

The district court properly dismissed Karam's state law claims because Karam failed to allege facts sufficient to state a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (a claim has facial plausibility when the plaintiff pleads factual content allowing the reasonable inference that a defendant is liable for the misconduct alleged; conclusory allegations are not entitled to the presumption of truth); *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1997) (setting forth the elements for a claim of intentional infliction of emotional distress under Arizona law); *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 36 (Ariz. 2002) (setting forth the elements of civil conspiracy under Arizona law).

The district court properly dismissed Karam's disability discrimination and

retaliation claims against Southern Arizona Veterans Administration Health Care System, United States Air Force, Davis Monthan Air Force Base, Banner University Medical Center, and Genoa Healthcare because Karam failed to allege facts sufficient to state a plausible claim. *See T.B. ex rel Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (elements of a retaliation claim under the ADA); *Zukle v. Regents of the Univ. of Cal.,* 166 F.3d 1041, 1045 (9th Cir. 1999) (elements of a prima facie case under Title II of the ADA or the RA). The district court did not abuse its discretion in denying Karam leave to amend these claims. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint … the district court's discretion to deny leave to amend is particularly broad." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Karam's disability discrimination claim against the Arizona Board of Regents because Karam failed to raise a genuine dispute of material fact as to whether she was excluded from participation in, or denied the benefits of, her educational program because of her disability. *See Zukle*, 166 F.3d at 1045.

The district court properly granted summary judgment on Karam's retaliation claim against the Arizona Board of Regents because Karam failed to raise a genuine dispute of material fact as to whether any adverse action occurred

22-15332

because of protected activity. *See Brenneise*, 806 F.3d at 473 (setting forth the elements of a retaliation claim under the ADA and explaining that the "more stringent test" of but-for causation applies to such claims).

The district court did not abuse its discretion in denying Karam's motion relating to the preservation of emails because Karam failed to show she was prejudiced by the lack of such discovery. *See Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012) (setting forth standard of review and stating that "[a] district court abuses its discretion only if the party requesting a continuance can show that allowing additional discovery would have precluded summary judgment").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Karam's motion to file a supplemental opening brief (Docket Entry No. 27) is granted. The Clerk will file the supplemental opening brief received on October 17, 2022. Karam's motions for an extension of time to file reply brief and motion to file reply brief (Docket Entry Nos. 50, 51, and 59) are granted. The Clerk will file the reply briefs received at Docket Entry Nos. 53, 54, 55, and 60.

All other pending motions are denied.

**AFFIRMED.**

4                                                                 22-15332